**Calvin Coolidge SWINDELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38346.**

Court of Criminal Appeals of Texas.

June 9, 1965.

No attorney of record on appeal for appellant.

Henry Wade, Dist. Atty., Harryette Bercu, C. M. Turlington and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is felony theft; the punishment, 9 years.

The indictment alleged the theft of an outboard motor of the value of over $50 from Dallas L. Long.

Mr. Long testified: His outboard motor, of the value of at least $350, was on his boat which was on his front lawn. About 10:45 P.M. he got out of bed, went to the window and saw two men at the back of his boat. He got his gun, went outside and saw the men about 50 or 75 feet down the street. They were out in the middle of the street carrying the motor. He called to them to stop. One of the men ran across the street and got away. The other man was the appellant. He fell down and the motor fell on him. Mr. Long restrained him until officers who were called arrived and took him into custody.

Testifying in his own behalf, appellant admitted having removed the motor from the boat without the consent of the owner. His version of the matter was that he and Marvin Vogt had planned a fishing trip with another couple and a girl; that Vogt said the motor belonged to his brother-in-law and asked him to help him because it "was too heavy for him to load in the car so he could take it and try it out."

Mr. Long testified that the motor was taken without his consent; that the gas line, battery cables and wiring were cut and that when he asked appellant where his car was "he said they were going to use one parked down the street." He identified a boat cushion which the arresting officer testified was found in the trunk of a car that was parked "under two large trees in the darkness there" around the corner, with the trunk lid raised and the ignition on.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.